## EMELINE B. WALKER *versus* BENJAMIN P. GILMAN.

*Scire facias* lies to obtain a writ of seizin of dower, where judgment has been rendered, and the time for issuing such writ has expired.

Where one institutes her suit for dower and marries before entry of action, and defendant does not object to the non-joinder of the husband; the objection comes too late on *scire facias* founded on the judgment.

By statute of 1848, the wife may maintain *scire facias* in her own name, or jointly with her husband.

The rule, that the record, of a Court of limited jurisdiction, should verify every fact required to give jurisdiction, is not applicable to the late District Court.

SCIRE FACIAS, to revive a judgment rendered September term, 1847, of the late District Court, in favor of Emeline B. Lincoln, for seizin and possession of a parcel of land in Moluncus, and for eighty dollars damages and costs of suit.

The case is presented on REPORT; the material facts therein stated appear in the opinion of the Court.

*J. E. Godfrey,* for plaintiff.

*Scire facias* is the proper remedy. *Pro. Ken. Pur.* v. *Davis,* 1 Maine, 309; 2 Bac. Ab. 729, title Execution, H; Tidd's Prac. p. 1002, (N. Y. ed. of 1807) ib. p. 1020; 6 Bac. Ab. title *Scire Facias,* C. 6, by and against husband and wife.

By statute of 1848, c. 73, the action is maintainable in plaintiff's name, without joinder of the husband. *Field* v. *Higgins,* 35 Maine, 336.

Defendant should have pleaded in abatement plaintiff's intermarriage with Walker. 1 Chit. Pl. 437.

*W. C. Crosby,* for defendant.

The present plaintiff is not, in legal intendment, the plaintiff in the original suit. Before entry of that action, she was legally known by the name of Emeline B. Walker.

Her marriage, after suit brought, is, at common law, good cause of abatement. 1 Bac. Ab. title Abatement, G.

The statutes in force in 1846 have modified the common law, so that in case of marriage, *after* action has been commenced, the husband, *on his own motion,* may be admitted as a party. R. S. of 1841, c. 115, § 82.

Notice to the husband should have been ordered. *Bridgham* v. *Prince,* 33 Maine, 174.

The legislative provision, that an action, brought by a woman, should not abate *after entry,* by reason of her marriage, implies, that such action may be abated, by her marriage *before* the entry of the action.

Before the statute of 1848, a wife was not authorized to institute a suit in her own name. *Vide Swift* v. *Luce,* 27 Maine, 285, per SHEPLEY, J.

This is matter of substance. The action was for dower and damages for detention. The last husband might release. *Ballard and ux.* v. *Russell,* 33 Maine, 196.

In the former suit, defendant did not appear, and consequently did not waive any defects in the process by not pleading in abatement. And may, on *scire facias,* avail himself of such defects. 2 Bac. Ab. title Error, K. 5.

The late District Court was an inferior Court, and the record should show every fact necessary to a correct rendition of judgment. No legal notice was given to defendant.

HATHAWAY, J. — In March, 1846, the plaintiff, then the widow of Ephraim Lincoln, commenced an action of dower, against the defendant, in the late District Court. In August, 1846, before the return day of the writ, she was married to Asa Walker, who was her husband at the time of the commencement of this suit. The plaintiff duly entered her action of dower, and recovered judgment therein, in September,

1847, by the name of Emeline B. Lincoln, against the defendant.

The defendant contends that the action cannot be maintained, because " the present plaintiff is not, in legal intendment, the plaintiff in the original suit," and because the record of the judgment does not show that the defendant had notice of that suit.

The case finds *the fact* to be, that the plaintiff, in this suit, was the plaintiff, by another name, in the original action.

If the proceedings, in that action, were irregular, because her husband did not become a party to it, the defendants should have taken advantage of the irregularity, by the appropriate plea, in that suit. It is too late now.

The rule, that it must appear by the record, *that* Courts of local or limited jurisdiction have verified every fact necessary to give them jurisdiction, was not applicable to the late District Court. Where the process contained the proper averments to give jurisdiction, and the Court acted in the matter, the existence of all the facts necessary to give jurisdiction is presumed. *Farrar* v. *Loring,* 26 Maine, 202.

This process is the legal mode of obtaining the writ of seizin of dower, sought by it. *Pilsbury* v. *Smyth,* 25 Maine, 427.

By statute of 1848, c. 73, the plaintiff could maintain this action, in her own name, or jointly with her husband.

*Defendant defaulted.*

TENNEY, C. J., RICE, APPLETON, CUTTING, and GOODENOW, J. J., concurred.